UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-1243(DSD/JSM)

Christa Patterson,

    Plaintiff,

v.                                                    **ORDER**

IATSE Local 13,

    Defendant.

    Richard T. Wylie, Esq., 701 Fourth Avenue South, Suite 500, Minneapolis, MN 55415, counsel for plaintiff.

    Brendan D. Cummins, Esq., Francis P. Rojas, Esq. and Miller, O'Brien & Cummins, 120 South Sixth Street, Suite 2400, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant IATSE Local 13 (Local 13). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This labor dispute arises out of referrals of plaintiff Christa Patterson for stagehand work by Local 13. Local 13 maintains a call list of stagehands. Workers are ranked on the call list based on work experience and other qualifications. Second Am. Compl. ¶ 7. A stagehands ranking on the list determines the order of call. Id. The collective bargaining agreement between Local 13 and employers includes a union security clause:

> All employees, as a condition of their continued employment, will become and remain members of the Union on and after the thirtieth (30th) working day of their employment. An employee who fails to become or remain a member of the Union as herein provided shall be dismissed by the Employer immediately upon demand of the Union

Wylie Decl. Ex. A, § 3.01. A person need not be a member of Local 13 to use the work-referral service. Jackson Aff. ¶¶ 10-11.

The constitution and bylaws of Local 13 define the requirements of membership. To become a member of Local 13, a stagehand must apply for membership, pay an initiation fee, pass a qualifications test, interview with the executive board, and be approved by a vote of the members. See id. Ex. 3. Patterson did not fulfil the membership requirements. See id. ¶ 5. She was not a member of Local 13. See id. Exs. 6–13.

In the winter of 2004-05, Patterson expressed concerns to Local 13 about "extensive chemical use" by union members. See Second Am. Compl. ¶ 11. Patterson also discussed treatment options for fellow workers. Id. Patterson's "reports and advocacy concerning chemically dependent stagehands" continued through 2006, as did her association with a chemically dependent co-worker. Id. ¶¶ 12, 15.

Local 13 removed Patterson from its call list in October 2006. Id. ¶ 13. Patterson was reinstated to the call list in April 2007. Id. Following her reinstatement, Patterson again discussed the chemical dependency of her co-workers with Local 13. Id. ¶ 16. Patterson claims that Local 13 took a variety of discriminatory and

retaliatory actions around this time: it assigned her to jobs that required heavy lifting and directed her to increase her lifting from twenty-five to fifty pounds. Id. ¶¶ 17(a), 17(c), 29(a), 29(c). Local 13 also denied her several training positions, accused her of incompetence and stupidity, and refused to refer her for certain positions due to "alleged conduct" that did not preclude other employees from those assignments. Id. ¶¶ 17(b)-(f), 29(b)-(f).

On May 27, 2009, Patterson filed a pro se complaint against Local 13, claiming denial of work opportunities, discrimination, and breach of the duty of fair representation (DFR). Patterson, through counsel, filed a second amended complaint, claiming unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), the Labor Management and Reporting Disclosure Act (LMRDA) and the Minnesota Human Rights Act (MHRA) and breach of contract under the Labor Management Relations Act (LMRA).[1] Local 13 moves to dismiss the complaint for failure to state a claim. The court now considers the motion.

## DISCUSSION

### I. Rule 12(b)(6) Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as

---

[1] Patterson withdrew her Title VII and LMRA claims at oral argument.

true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). A complaint must, after taking all such factual content alleged in the complaint as true, "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although a complaint need not contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). In this case, the union security agreement and other membership-related materials are necessarily embraced by Patterson's LMRDA claim.

## II. LMRDA

The LMRDA applies to "[e]very member of a labor organization." 29 U.S.C. § 411(a)(2). A "member" is "any person who has fulfilled the requirements for membership in such [labor] organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership." Id. § 402(o). To determine whether a person has fulfilled the requirements of membership, the court looks to the union's reasonable interpretation of its constitution and bylaws. See Allen v. United Transp. Union, 964 F.2d 818, 821 (8th Cir. 1992) (citations omitted).

Patterson admits that she was not an actual member of Local 13, but argues that it "held her out" as a member under the union security clause. Pl.'s Mem. Opp'n 1-3. Union security clauses merely require that non-union employees pay a representational fee. See Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 38 (1998). Employees may continue to work under the employment contract without becoming a member of the union. See Commc'n Workers of Am. v. Beck, 487 U.S. 735, 744-45 (1988). As a result, the union security clause does not show that Local 13 held out Patterson as a member. Therefore, Patterson fails to state a claim under the LMRDA, and dismissal is warranted.[2]

---

[2] Dismissal is also warranted were the court to consider the motion under Rule 12(b)(1).

## III. MHRA Claims

Patterson next claims that Local 13 discriminated against her based on her gender, her association with chemically dependent persons and her learning disability in violation of the MHRA. Local 13 responds that her claim is preempted by the DFR. A union serving "as the exclusive bargaining representative" of a group of employees has "a statutory duty fairly to represent all of th[o]se employees." Vaca v. Sipes, 386 U.S. 171, 177 (1967) (citation omitted). A union violates the DFR when its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190; Steele v. Louisville & Nashville R.R. Co., 323 U.S. 192, 202-03 (1944).

Claims for violation of duties subsumed by the DFR are preempted. See Vaca, 386 U.S. at 177 (noting that federal law governs where complaint alleges breach of DFR); Adkins v. Mireles, 526 F.3d 531, 539 (9th Cir. 2008) ("The federal statutory duty which unions owe their members to represent them ... displaces state law that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative."); BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 830 (1st Cir. 1997) ("[S]tate law is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation."); Smith v. Local Union No. 110, Int'l Bhd. of Elec. Workers, 681 F. Supp. 2d 995, 999-1001 (D. Minn. 2010)

(finding state-law claims "premised" on union's role as plaintiff's representative "subsumed under and completely preempted by" federal DFR claim).  The DFR does not preempt claims about activity that is "a merely peripheral concern" or affects interests "deeply rooted in local feeling."  Farmer v. United Bhd. of Carpenters & Joiners of Am., Local 25, 430 U.S. 290, 296-97 (1977) (citation omitted).

Patterson argues that the DFR does not preempt her MHRA claim because it concerns a local interest.[3]  Local 13 argues that no exception applies.  The parties agree that the allegations in the second amended complaint constitute arbitrary or discriminatory conduct by an exclusive bargaining representative toward a member of the collective bargaining unit.

Patterson's argument fails because arbitrary and discriminatory conduct is not a "merely peripheral concern" of the LMRA, as regulation of such conduct under the DFR has been recognized for decades.  See Vaca, 386 U.S. at 177.  See Farmer, 430 U.S. at 297.  Further, unlike state police power or unique state interests, anti-discrimination law has long been a federal concern regulated by Congress.  As a result, the Farmer exceptions do not apply and the DFR preempts Patterson's MHRA claim.

DFR claims face a six-month statute of limitations measured from the time of the unfair labor practice.  DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-70 (1983).  In this case, the

---

[3] The court does not address Patterson's arguments under the Railway Labor Act and § 301 of the LMRA because they do not apply to her claim.

alleged arbitrary and discriminatory conduct occurred outside of this six-month statute of limitations. Therefore, Patterson fails to state a claim under the MHRA and the DFR, and dismissal is warranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the motion to dismiss [Doc. No. 32] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 14, 2010

                                           s/David S. Doty
                                           David S. Doty, Judge
                                           United States District Court