```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 09-1243(DSD/JSM)
```

Christa Patterson,

        Plaintiff,

v.                                                  **ORDER**

IATSE Local 13,

        Defendant.

    Richard T. Wylie, Esq., 701 Fourth Avenue South, Suite 500, Minneapolis, MN 55415, counsel for plaintiff.

    Brendan D. Cummins, Esq., Francis P. Rojas, Esq. and Miller, O'Brien & Cummins, 120 South Sixth Street, Suite 2400, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for sanctions and attorneys' fees by defendant IATSE Local 13 (Local 13). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

Plaintiff Christa Patterson has filed numerous actions against Local 13 in this court and various administrative bodies. In the present action, Patterson claimed breach of the duty of fair representation, violation of the Labor Management Reporting and Disclosure Act (LMRDA) and the Labor Management Relations Act (LMRA), gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and gender and disability

discrimination in violation of the Minnesota Human Rights Act (MHRA). Patterson withdrew her Title VII claim at oral argument, and the court dismissed the other claims on December 14, 2010. On December 30, Patterson filed another case in this court, re-alleging her Title VII claim.[1] Local 13 moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure. The court now considers the motion.

## DISCUSSION

Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

---

[1] Patterson dismissed the Title VII action on March 3, 2011. See No. 11-cv-1, ECF No. 5.

2

Fed. R. Civ. P. 11(b). Following notice and an opportunity to respond, the court may impose "an appropriate sanction" if it finds a violation of Rule 11(b). Id. R. 11(c)(1)

As an initial matter, the court rejects Patterson's argument that she did not receive notice under Rule 11(c)(2). The March 12, 2010, letter of Local 13 gave notice of the alleged violation and an opportunity to cure. The evidence shows that Local 13 sent, and Patterson received, a detailed letter and motion. See Cummins Aff. Ex. 1; id. Ex 2. (letter from Patterson to Local 13 stating, "This is in response to your letter to Christa Patterson dated March 12, 2010, and you[r] Rule 11 motion papers filed with the court."). Therefore, the court proceeds to the merits of the instant motion.

Local 13 first argues that Patterson filed the present action to harass Local 13 and needlessly increase the cost of litigation. See Fed. R. Civ. P. 11(b)(1). In support, Local 13 argues that Patterson has demonstrated a pattern of filing frivolous actions in various administrative agencies and this court. This action, however, was her first action in federal court, and she filed it pro se. Her second action was also pro se, and covered a different time period than the first. See Compl. 1, No. 09-cv-3145, ECF No. 1. Patterson requested joinder of the first and second actions. Id. Moreover, her failures in a different forum do not automatically make subsequently filed federal actions harassing. Cf. Gurley v. Hunt, 287 F.3d 728, 731 (8th Cir. 2002) (NLRB does

not have jurisdiction over LMRDA claim). While Patterson has now reached the point where future actions arising out of the same facts would be harassing, the present action does not rise to that level, and sanctions are not warranted based on Rule 11(b)(1).

Local 13 next argues that Patterson violated Rule 11(b)(2) because her claims lacked nonfrivolous legal grounds. The court disagrees. Patterson's arguments were tenuous and ultimately rejected by the court, however, her arguments that the acts of Local 13 made her a de facto member of the union and that other areas of labor law do not preempt state antidiscrimination law are nonfrivilous arguments that have a basis in prior law. Therefore, sanctions are not warranted based on Rule 11(b)(2).

Local 13 also argues that Patterson violated Rule 11(b)(3) by failing to investigate a principal factual allegation: Patterson's membership in Local 13. See Second Am. Compl. ¶ 4 ("Plaintiff is a member of Defendant IATSE Local 13."). Patterson's counsel later admitted that he "did not understand that Plaintiff was not a 'member' of Local 13 in the traditional sense" when he filed the second amended complaint. See Pl.'s Mem. Opp'n 1, ECF No. 38. As Patterson explains, the acts and statements of Local 13 provided a plausible, albeit incorrect, basis for her believe that she was a member of Local 13 for purposes of this action. See id. at 1–4. Therefore, sanctions are not warranted under Rule 11(b)(3).

Although the court does not find Rule 11 violations in the present action, the court notes that should Patterson attempt to relitigate these claims, or bring additional claims based on the same rejected theories, substantial sanctions are virtually certain, as it would then be an abuse of discretion for a court not to impose sanctions. See <u>Kountze ex rel. Hitchcock Foundation v. Gaines</u>, 536 F.3d 813, 819 (8th Cir. 2008).

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sanctions and attorneys' fees [ECF No. 46] is denied.

Dated:  May 19, 2011

<u>s/David S. Doty</u><br>
David S. Doty, Judge<br>
United States District Court